

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 1, 2022**

United States Bankruptcy Judge

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** § | | |
| § | Case No. 22-30085 | |
| **SPORTS ONE SUPERSTORES CORP.,** § | | |
| § | Chapter 11 | |
| Debtor. § | | |
| § | | |
| **In re:** § | | |
| § | Case No. 22-30086 | |
| **TEXAS HOLDINGS FIRM CORPORATION,** § | | |
| § | Chapter 11 | |
| Debtor. § | | |

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN
ORDER (I) DIRECTING JOINT ADMINISTRATION OF THE
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

After reviewing the *Debtors' Motion for Entry of an Order (I) Directing Joint Administration of the Chapter 11 Cases and (II) Granting Related Relief* (the "Motion") filed by Sports One Superstores Corp. ("Sports One") and Texas Holdings Firm Corporation ("Texas Holdings") in the above-captioned Chapter 11 Cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Procedure

of the United States Bankruptcy Court for the Northern District of Texas (the "Local Bankruptcy Rules") seeking joint administration of the above captioned Chapter 11 Cases, the Court finds that (1) this Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 157 and 1334(b); (2) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (3) all parties-in-interest were provided adequate notice and an opportunity for hearing; (4) joint administration of these cases is appropriate pursuant to Rule 1015(b) and (c) of the Bankruptcy Rules; (5) an order of joint administration would serve judicial economy; and (6) it is in the best interests and without prejudice to the rights of the Debtors' estates, creditors, and other parties-in-interest to grant the relief granted herein. It is therefore

**ORDERED** that the Motion is **GRANTED** as provided herein. It is further

**ORDERED** that the above captioned cases be and hereby are jointly administered by this Court for procedural purposes only, and nothing contained in this Order shall be deemed or construed as directing a substantive consolidation of the above-captioned cases. It is further

**ORDERED** that:

a. All orders, pleadings, papers, and documents, except proofs of claim, lists, schedules, statements, and monthly operating reports, shall be filed and docketed in case number 22-30085 (the "Lead Case");

b. All proofs of claim shall be filed and docketed under the case number representing the estate in which the claim is made, and a creditor of more than one estate shall file and docket a proof of claim in each case to which a claim may be made, and only in the amount which the creditor may make a claim from that estate;

c. Separate claims registers shall be maintained for each Debtor;

d. All lists, schedules, statements, and monthly operating reports shall be filed and docketed in the specific case for which they are applicable;

e. If pleadings, papers, or documents have been filed in any of the above captioned cases other than the Lead Case prior to the entry of this Order, and those matters have not yet been heard and decided, the party who filed the pleading, paper, or document shall (i) re-file the pleading, paper, or document in the Lead Case within 3 business days of the entry of this Order, (ii) set the pleading, paper, or

      document for hearing before the judge assigned to the Lead Case, and (iii) notice the hearing to all appropriate parties;

f. Counsel for Debtors shall serve a copy of this Order on the United States Trustee, all creditors, persons filing Notices of Appearance, and other parties-in-interest, and shall file a certificate of service with the Clerk of Court after completing such service;

g. Counsel for Debtors shall file with the Clerk, in the Lead Case, a master service list of all creditors, persons filing Notices of Appearance, and all parties-in-interest in the jointly administered cases, in the form prescribed by Local Bankruptcy Rule 1007-1; and

h. The United States Trustee shall conduct the first meeting of creditors for each of the Debtors as scheduled.

It is further **ORDERED** that all pleadings, papers, and documents filed in the Lead Case shall bear the following caption:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § § | |
| **SPORTS ONE SUPERSTORES CORP., AND** | § § | Case No. 22-30085 |
| **TEXAS HOLDINGS FIRM CORPORATION,** | § § | Chapter 11 |
| | § | **(Jointly Administered)** |
| **Debtors.** | § | |

It is further **ORDERED** that the Clerk of Court shall enter a notation reflecting the joint administration of the Debtors' cases in substantially the following form on each of the Debtors' dockets:

      An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Texas Dallas Division directing joint administration of the chapter 11 cases of: Sports One Superstores Corp. and Texas Holdings Firm Corporation. The docket for Sports One Superstores Corp. should be consulted for all matters affecting these cases.

                                                # # # END OF ORDER # # #

We ask for this:

*/s/ Brandon J. Tittle*
Brandon J. Tittle
Texas Bar No. 24090436
**TITTLE LAW GROUP, PLLC**
5550 Granite Pkwy, Suite 220
Plano, Texas 75024
Telephone: 972.987.5094
Email: btittle@tittlelawgroup.com

**PROPOSED COUNSEL FOR DEBTORS
AND DEBTORS-IN-POSSESSION**