Brandon J. Tittle
Texas Bar No. 24090436
**TITTLE LAW GROUP, PLLC**
5550 Granite Pkwy, Suite 220
Plano, Texas 75024
Telephone: 972.987.5094
Email: btittle@tittlelawgroup.com

**PROPOSED COUNSEL FOR DEBTOR
AND DEBTOR-IN-POSSESSION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 22-30086 |
| **TEXAS HOLDINGS FIRM** | § | |
| **CORPORATION,** | § | |
| | § | **Chapter 11** |
| Debtor. | § | |

**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER
ENFORCING THE AUTOMATIC STAY AND IMPOSING CIVIL CONTEMPT
SANCTIONS PURSUANT TO SECTIONS 105 AND 362 OF THE BANKRUPTCY CODE**

TO THE HONORABLE STACEY G. C. JERNIGAN:

Texas Holdings Firm Corporation, the debtor and debtor-in-possession in the above captioned case ("Texas Holdings," or the "Debtor"), by and through its undersigned counsel, hereby files this motion (the "Motion") for entry of an order substantially in the form attached hereto, pursuant to sections 105 and 362 of title 11 of the United States Code (the "Bankruptcy Code"), (a) enforcing the automatic stay by directing Danbury Partners, Ltd. ("Danbury," or the "Respondent") to cease its prevention of access to the Debtor's leased premises, (b) awarding sanctions in connection with the willful violation of the automatic stay, and (c) granting such further related relief as the Court deems appropriate. In further support of this Motion, the Debtor, by and through its proposed undersigned counsel, respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a) and 362 of the Bankruptcy Code and Rules 9014 and 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

3. On January 20, 2022 (the "Petition Date"), the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and attempting to manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. Texas Holdings is a holdings entity which leases the storefront shopping center in which a related debtor with a bankruptcy case pending in this Court (case number 22-30085), Sports One Superstores Corp., operates its storefront business operations. Texas Holdings holds the lease on the storefront shopping center owned by the Respondent, and in turn Texas Holdings leases access to the storefront shopping center to Sports One for the operation of its business. Sports One pays Texas Holdings a monthly rent figure, and Texas Holdings pays the agreed monthly payment under the terms of the lease agreement with the Respondent.

5. The Respondent has continued to withhold from the Debtor access to the leased premises, despite the fact that the lease has not been terminated.

6. On January 24, 2022, counsel for the Debtor provided actual notice of the filed chapter 11 petitions of Texas Holdings and Sports One to counsel for the Respondent via email, a

copy of which is attached hereto as **Exhibit A**. In that same email, counsel for the Debtor requested that the Respondent provide the Debtor immediate access to the leased premises.

7. Counsel for the Debtor has repeatedly requested that the Respondent provide the Debtor immediate access to the leased premises and has informed counsel for the Respondent that the failure to do so constitutes a violation of the automatic stay pursuant to section 362 of the Bankruptcy Code.

8. The Respondent has made clear its intention to continue refusing the Debtor access to the leased premises. *See* **Exhibit B**.

9. The Respondent's persistence in its violation of the automatic stay by refusing to grant the Debtor access to the leased premises has caused the both the Debtor and Sports One to suffer loss of profits because of the shutdown of their operations and has frustrated both the Debtor's and Sports One's attempts to begin the chapter 11 reorganization process.

10. The Debtor requires immediate access to the premises so that its reorganization efforts (along with the reorganization efforts of Sports One) are not irreparably destroyed. Accordingly, the Debtor requests emergency consideration of this Motion.

## RELIEF REQUESTED

11. By this Motion, and pursuant to sections 105 and 362 of the Bankruptcy Code and this Court's inherent powers, the Debtor requests this Court (a) enforce the automatic stay by directing Danbury to immediately grant the Debtor access to the leased premises, (b) award monetary sanctions—including but not limited to lost profits and the Debtor's attorney's fees in preparing and litigating this Motion—in connection with the willful violation of the automatic stay, and (c) grant such further relief to the Debtor as this Court deems appropriate.

**BASIS FOR RELIEF REQUESTED**

A.  **Danbury's Actions Violate the Automatic Stay.**

12. Upon the filing of a chapter 11 petition, an estate is created consisting of all property of the debtor. *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 978 (2017); 11 U.S.C. § 541. The bankruptcy estate consists of all kinds of property, including anything of value that the debtor owns, regardless of where it is located or who holds it.

13. "A debtor's possessory interest in real property, including a leasehold interest, constitutes property of the debtor's bankruptcy estate subject to the protections of the automatic stay." *Wilson v. Arbors of Cent. Park ICG, LLC (In re Wilson)*, 610 B.R. 255, 275 (Bankr. N.D. Tex. 2019). The one exception to this rule is when the lease is terminated pre-petition and therefore, by virtue of section 541(b)(2) of the Bankruptcy Code, it is no longer property of the estate. This is not the case here; the lease was not terminated pre-petition. Instead, the Respondent restricted the Debtor's access to the leased premises and has refused to grant such access despite the Debtor's ongoing bankruptcy case.

14. The Debtor has a 210-day period from the Petition Date to assume the unexpired lease of nonresidential property at issue, assuming an order confirming a chapter 11 plan of reorganization is not entered within that period. 11 U.S.C. § 365(d)(4).

15. Accordingly, the lease at issue is property of the Debtor's bankruptcy estate.

16. Pursuant to section 362 of the Bankruptcy Code, the automatic stay prevents acts to obtain possession of, or exercise control over, property of the estate, which includes all of the debtor's legal or equitable interests in property as of the petition date. 11 U.S.C. §§ 362(a)(3), 541(a)(1).

17. The filing of a petition instantly and automatically triggers the automatic stay—no specific order of a court is required to obtain the stay. The automatic stay is specifically designed to prevent the estate from being torn apart piece by piece by creditors and other parties, and to allow breathing room and a chance to reorganize. *See, e.g.*, *In re MD Promenade, Inc.*, No. 08-34113, 2009 Bankr. LEXIS 34, at *32 (N.D. Tex. Jan. 8, 2009) ("[T]he automatic stay exists to protect debtors and creditors alike from prejudicial or harmful actions taken against property of the estate.").

18. Yet, Danbury's actions are doing just that: tearing apart both this Debtor's and Sports One's estates by effectively shutting down the business operations of both debtors by refusing access to the leased premises, which is property of the estate. Every day, the continued restriction of access to the leased premises causes a loss of income to this Debtor and Sports One, thereby hindering both debtor's ability to effectively reorganize.

19. Danbury's conduct clearly violates the automatic stay. The leasehold is property of the estate under section 541 of the Bankruptcy Code and the automatic stay applies to prevent Danbury's restriction of Debtor's access to the leased premises. The automatic stay has been in full force and effect since the Petition Date, yet Danbury continues to refuse the Debtor's access to the leased premises despite repeated requests. Accordingly, the Debtor is entitled to an order enforcing the automatic stay by directing Danbury to cease its restriction of Debtor's access to the leased premises.

20. The Debtor is also entitled to injunctive relief under sections 362 and 105 of the Bankruptcy Code. Under section 105(a) of the Bankruptcy Code, the Court is authorized to exercise its equitable powers to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Courts routinely grant

injunctions under section 105 of the Bankruptcy Code to enforce the automatic stay. The Debtor requests that this Court do so by enjoining Danbury from restricting the Debtor's access to the leased premises until further order of this Court.

**B.    Danbury Should be Held in Contempt and Compelled to Pay Damages**

21.    Danbury should be held in contempt for violating the automatic stay and be ordered to pay sanctions. Courts "may . . . award damages to a corporate debtor in enforcement of the court's civil contempt power or pursuant to its equitable powers under section 105 of the Code." *In re San Angelo Pro Hockey Club*, 292 B.R. 118, 124 (Bankr. N.D. Tex. 2003).

22.    "A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence: 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000).

23.    "The provisions of § 362(a) of the Bankruptcy Code stand as a court order, the automatic stay constituting a Congressionally-imposed, self-executing injunction." *All Trac Transp., Inc. v. Transp. All. Bank (In re All Trac Transp., Inc.)*, 306 B.R. 859, 875 (Bankr. N.D. Tex. 2004). As discussed above, the automatic stay required Danbury to cease restriction of Debtor's access to the leased premises. Danbury failed to do so, after being repeatedly informed by Debtor's counsel that such refusal constituted a violation of the automatic stay.

24.    Though willfulness in violating the automatic stay is not necessarily required, courts generally consider it an important factor in deciding whether damages for contempt are appropriate. *See id.* "Willfulness within the context of an alleged stay violation is almost universally defined to mean intentional acts committed with knowledge of the bankruptcy petition." *Id.* (quoting *San Angelo Pro Hockey Club*, 292 B.R. at 124).

25. As evidenced by **Exhibits A and B**, counsel for Danbury was not only made aware of the bankruptcy petition, but was put on notice that the refusal to grant Debtor access to the leased premises was a violation of the stay. Danbury doubled down on its refusal to grant such access and has made clear that it has no intention of voluntarily granting such action. This refusal has harmed not only this Debtor and its estate but also that of a related chapter 11 debtor in this court, Sports One, by effectively shutting down their businesses and causing a substantial loss of profits.

26. Accordingly, the Court should impose sanctions for actual damages incurred by the estate, including costs and attorneys' fees, and punitive damages for Danbury's knowing and willful violation of the automatic stay.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests the entry of an order, substantially in the form attached hereto, (a) enforcing the automatic stay by directing Danbury to ceases preventing the Debtor's access to the leased premises; (b) awarding sanctions in connection with the willful violation of the automatic stay; and (c) granting such other and further relief as the Court deems appropriate.

Dated: January 26, 2022.                                Respectfully submitted,

*/s/ Brandon J. Tittle*
Brandon J. Tittle
Texas Bar No. 24090436
**TITTLE LAW GROUP, PLLC**
5550 Granite Pkwy, Suite 220
Plano, Texas 75024
Telephone: 972.987.5094
Email: btittle@tittlelawgroup.com

**PROPOSED COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2022 a true and correct copy of the foregoing Motion was served on Danbury Partners, Ltd. via overnight mail and to its counsel via email, along with the United States Trustee via overnight mail and email. Due to the nature of the relief requested herein, the Debtor respectfully submits that no further notice of this Motion is necessary.

*/s/ Brandon J. Tittle*
Brandon J. Tittle