Brandon J. Tittle
Texas Bar No. 24090436
**TITTLE LAW GROUP, PLLC**
5550 Granite Pkwy, Suite 220
Plano, Texas 75024
Telephone: 972.987.5094
Email: btittle@tittlelawgroup.com

**PROPOSED COUNSEL FOR DEBTORS
AND DEBTORS-IN-POSSESSION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **SPORTS ONE SUPERSTORES CORP.,** | § | **Case No. 22-30085** |
| **AND** | § | |
| **TEXAS HOLDINGS FIRM** | § | **Chapter 11** |
| **CORPORATION,** | § | |
| | § | **(Jointly Administered)** |
| **Debtors.** | § | |

**TEXAS HOLDINGS FIRM CORPORATION'S MOTION
FOR ENTRY OF AN ORDER AUTHORIZING REJECTION OF
<u>UNEXPIRED LEASE WITH DANBURY PARTNERS, LTD.</u>**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TX 75242-1496, BEFORE CLOSE OF BUSINESS ON MARCH 24, 2022, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE STACEY G. C. JERNIGAN,

UNITED STATES BANKRUPTCY JUDGE:

Texas Holdings Firm Corporation ("Texas Holdings"), a debtor and debtor-in-possession in the above-captioned case, by and through its undersigned counsel, hereby files this motion (the "Motion") for entry of an order, substantially in the form attached hereto, pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing Texas Holdings to reject its unexpired lease of nonresidential, commercial property with Danbury Partners, Ltd., and granting related relief. In support of this Motion, Texas Holdings respectfully represents as follows:

## BACKGROUND

1.      On January 20, 2022 (the "Petition Date"), Sports One Superstores Corp. ("Sports One") and Texas Holdings (collectively, the "Debtors") each commenced cases in this Court by filing petitions for relief under Chapter 11 of the Bankruptcy Code.

2.      On February 1, 2022, this Court entered an *Order Granting Debtors' Motion for Entry of an Order (I) Directing Joint Administration of the Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 13] (the "Joint Administration Order"), which ordered that the chapter 11 cases of Sports One and Texas Holdings be jointly administered.

3.      Sports One specializes in the sales of accessories—including clothing, cups, flags, and various other items—bearing the logo of various NFL, NBA, NCAA, and MLB sports teams. Sports One operates an online website that allows customers to purchase products directly along with a storefront in Arlington, Texas. Sports One also holds the license to its brand, which enables Sports One to establish franchise relationships for store fronts nationwide in the future.

4.      Texas Holdings is a holdings entity which leases the building from Danbury Partners, Ltd. ("Danbury") in which Sports One's storefront is located.  Texas Holdings is responsible for making payments on the lease, and Texas Holdings collects funds from Sports One to do so.

## JURISDICTION

5.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

6.      Pursuant to sections 105(a) and 365 of the Bankruptcy Code and Rules 6006 and 9014 of the Bankruptcy Rules, Texas Holdings requests entry of an order, substantially in the form attached hereto (the "Proposed Order"), granting authority for Texas Holdings to reject the unexpired lease, a copy of which is attached hereto as **Exhibit A**, dated August 20, 2020, and amended in June 2021, between Texas Holdings and Danbury of a certain shopping center storefront location (the "Shopping Center Lease").

7.      For the reasons set forth below, Texas Holdings has determined, in its business judgment, that the Shopping Center Lease is not necessary to the administration of Texas Holdings' estate; indeed, maintaining the Shopping Center Lease would be burdensome to Texas Holdings' estate.  Accordingly, Texas Holdings has determined to reject the Shopping Center Lease.

## BASIS FOR RELIEF REQUESTED

8.      Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession "subject to the court's approval, may assume or reject any executory contract or

unexpired lease of the debtor." 11 U.S.C. § 365 (a); *see also NLRB v. Bildisco,* 465 U.S. 513, 521 (1984); *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.,* 83 F.3d 735, 741 (5th Cir. 1996) (cititing *In re Murexco Petroleum, Inc.,* 15 F.3d 60, 62 (5th Cir. 1994)). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.),* 4 F.3d 1095, 1098 (2d Cir. 1993); *see also Bildisco & Bildisco,* 465 U.S. at 528 ("[T]he authority to reject an executory contract is vital to the basic purpose to a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization."); *Murexco Petroleum,* 15 F.3d at 62 (noting that section 365 "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed").

9.      The standard applied to determine whether the rejection of an executory contract or unexpired lease should be authorized is the "business judgment" standard. *See Richmond Leasing Co. v. Capital Bank, N.A.,* 762 F.2d 1303, 1309 (5th Cir. 1985) ("It is well established that 'the question whether a lease should be rejected…is one of business judgment.'") (quoting *Grp. of Institutional Inv'rs v. Chi., Milwaukee, St. Paul & Pac. R.R. Co.,* 318 U.S. 523, 550 (1943)); *see also In re Pilgrim's Pride Corp.,* 403 B.R. 413, 422 (Bankr. N.D. Tex. 2009) ("The general rule is that the decision to reject a given contract should be left to the trustee's (or debtor in possession's) sound business judgment.").

10.     The "business judgment" standard requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See In re Idearc Inc.,* 423 B.R. 138 162 (Bankr. N.D. Tex. 2009) (stating that the business judgment standard

only "requires a showing that the proposed course of action will be advantageous to the estate." (citation omitted)). Further, under the business judgment standard, "[a] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice.'" *Pilgrim's Pride Corp.,* 403 B.R. at 422 (citing *Wheeling – Pittsburgh Steel Corp. v W. Penn Power Co.* (*In re Wheeling – Pittsburgh Steel Corp.*), 72 B.R. 845, 849-50 (Bankr. W.D. Ps. 1987)).

11.     Texas Holdings believes that rejection of the Shopping Center Lease is well within its business judgment and is in the best interests of its estate.

12.     Texas Holdings entered the Shopping Center Lease to allow Sports One to operate its business in the leased premises.  Contemporaneously with this Motion, Sports One is filing a motion to dismiss itself from bankruptcy.  Sports One has no creditors and does not stand to benefit from continuing in bankruptcy; a chapter 11 plan of reorganization would accomplish nothing for Sports One.  Sports One intends to exit the leased premises and no longer operate its business in the storefront that is the subject of the Shopping Center Lease between Texas Holdings and Danbury.

13.     Accordingly, assuming the Shopping Center Lease would leave Texas Holdings paying rent under the Shopping Center Lease with no purpose.  Such post-petition rent payments would decrease the funds available to distribute to creditors through a chapter 11 plan of reorganization.  Rejecting the Shopping Center Lease will result in a net gain to the bankruptcy estate of Texas Holdings.

14.     For the reasons stated above, Texas Holdings requests that the Shopping Center Lease be rejected.

## RESERVATION OF RIGHTS

15.     Nothing contained in this Motion or any actions taken by Texas Holdings pursuant to relief granted is intended or should be construed as: (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, (iii) a waiver or limitation of the Debtors' right to assert at a later date that the Shopping Center Lease does not constitute an unexpired lease under section 365 of the Bankruptcy Code, or (iv) a concession or evidence that Shopping Center Lease has not expired, been terminated, or is otherwise currently not in full force and effect.

## NO PREVIOUS REQUEST

16.     No previous request for the relief sought herein has been made by either of the Debtors to this or any other court.

## CONCLUSION

WHEREFORE, Texas Holdings respectfully requests that the Bankruptcy Court enter the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: March 3, 2022.                            Respectfully submitted,

*/s/ Brandon J. Tittle*
Brandon J. Tittle
Texas Bar No. 24090436
**TITTLE LAW GROUP, PLLC**
5550 Granite Pkwy, Suite 220
Plano, Texas 75024
Telephone: 972.987.5094
Email: btittle@tittlelawgroup.com

**PROPOSED COUNSEL FOR DEBTORS
AND DEBTORS-IN-POSSESSION**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on March 3, 2022, a true and correct copy of the foregoing pleading was served by first class mail on the attached service list and via the Court's electronic transmission facilities upon all parties of record accepting such service.

*/s/ Brandon J. Tittle*
Brandon J. Tittle

AT&T Inc.
Attn: Legal
208 S. Akard St,
Dallas, TX, 75202

Canon Financial Services, Inc.
Attn: Legal
158 Gaither Drive, Suite 200
Mount Laurel, NJ 08054

Edward Dowd
3455 Peachtree Rd. NE Ste 500
Atlanta, GA 30326

Dallas County Tax Office
500 Elm Street, Suite 3300
Dallas, Texas 75202

Internal Revenue Office
Centralized Insolvency Operation
Post Office Box 7346
Philadelphia, PA 19101-7346

Danbury Partners, Ltd.
510 Hearn St, Ste. 200
Austin, TX 78703

Danbury Partners, Ltd.
c/o Howard J. Klatsky, Esq.
Fee, Smith, Sharp & Vitullo LLP
13155 Noel Road, Suite 1000
Dallas, TX 75240

MBC & Associates, LLC
Attn: Brian Fox
8334 Sterling Street
Irving, TX 75063

Danbury Partners, Ltd.
c/o Robert Nicoud
Nicoud Law
10440 N. Central Expressway, Suite 800
Dallas, Texas 75231

Reliant
Attn: Legal
1000 Main St
Houston, TX 77002

Spectrum
Attn: Legal
400 Atlantic St
Stamford, CT 06901

LL&B Resources, Inc.
510 Hearn St, Ste. 200
Austin, TX 78703

U.S. Small Business Administration
Office of General Counsel
409 3rd Street SW
Washington, DC 20416

Stanley Security
Attn: Legal
8350 Sunlight Drive
Fishers, Indiana 46037

Office of the United States Trustee
Earle Cabell Federal Building
1100 Commerce Street, Room 976
Dallas, TX 75242

Tarrant County Tax Assessor
100 E. Weatherford Street
Fort Worth, TX 76196