Brandon J. Tittle
Texas Bar No. 24090436
**TITTLE LAW GROUP, PLLC**
5550 Granite Pkwy, Suite 220
Plano, Texas 75024
Telephone: 972.987.5094
Email: btittle@tittlelawgroup.com

**PROPOSED COUNSEL FOR DEBTORS
AND DEBTORS-IN-POSSESSION**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **SPORTS ONE SUPERSTORES CORP.,** | § | **Case No. 22-30085** |
| **AND** | § | |
| **TEXAS HOLDINGS FIRM** | § | **Chapter 11** |
| **CORPORATION,** | § | |
| | § | **(Jointly Administered)** |
| Debtors. | § | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER IMPOSING CIVIL CONTEMPT SANCTIONS PURSUANT TO SECTIONS 105 AND 362 OF THE BANKRUPTCY CODE**

TO THE HONORABLE STACEY G. C. JERNIGAN:

Texas Holdings Firm Corporation ("Texas Holdings") and Sports One Superstores Corp. ("Sports One"), the debtors and debtors-in-possession in the above captioned jointly administered case (collectively, the "Debtors"), by and through their undersigned counsel, hereby file this motion (the "Motion") for entry of an order substantially in the form attached hereto, pursuant to sections 105 and 362 of title 11 of the United States Code (the "Bankruptcy Code"), imposing civil contempt sanctions against Danbury Partners, Ltd. ("Danbury," or the "Respondent") for Danbury's willful violation of the automatic stay and granting such further related relief as the Court deems appropriate. In further support of this Motion, the Debtors, by and through their proposed undersigned counsel, respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a) and 362 of the Bankruptcy Code and Rules 9014 and 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On January 20, 2022 (the "Petition Date"), the Debtors each commenced cases in this Court by filing petitions for relief under Chapter 11 of the Bankruptcy Code.

4. On February 1, 2022, this Court entered an *Order Granting Debtors' Motion for Entry of an Order (I) Directing Joint Administration of the Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 13] (the "Joint Administration Order"), which ordered that the chapter 11 cases of Sports One and Texas Holdings be jointly administered.

5. Sports One specializes in the sales of accessories—including clothing, cups, flags, and various other items—bearing the logo of various NFL, NBA, NCAA, and MLB sports teams. Sports One operates an online website that allows customers to purchase products directly along with a storefront in Arlington, Texas. Sports One also holds the license to its brand, which enables Sports One to establish franchise relationships for store fronts nationwide in the future.

6. Texas Holdings is a holdings entity which leases the commercial premises from Danbury in which Sports One's storefront is located (the "Leased Premises"). Texas Holdings is responsible for making payments on the lease, and Texas Holdings collects funds from Sports One to do so.

7. Because Danbury had locked the Debtors out of the Leased Premises pre-petition and refused to allow Debtors access to the Leased Premises upon the filing of the Debtors' bankruptcy petitions, despite counsel for the Debtors' repeated demands [*see* **Exhibit A**], Texas Holdings filed *Debtor's Emergency Motion for Entry of an Order Enforcing the Automatic Stay and Imposing Civil Contempt Sanctions Pursuant to Sections 105 and 362 of the Bankruptcy Code* [Case No. 22-30086, Docket No. 9] (the "Motion to Enforce Stay").

8. The Motion to Enforce Stay asserted that Danbury was in violation of the automatic stay by refusing access to the Leased Premises, and therefore the Motion to Enforce Stay sought entry of an order directing Danbury to grant Debtors access and imposing contempt sanctions against Danbury for loss of profits associated with the shutdown of Sports One's business.

9. Because the issue of immediate concern to the Debtors was regaining access, the contempt sanctions issue was not litigated. Instead, the Debtors came to an agreed order [*see* Docket No. 25] (the "Agreed Order") which granted the Motion to Enforce Stay in part by requiring Danbury to give immediate Debtors access to the Leased Premises upon certain conditions, and denying the Motion to Enforce Stay in part (without prejudice) with respect to other issues, including the contempt sanctions issue.

10. Texas Holdings has now moved to reject the lease [*see* Docket No. 30] (the "Motion to Reject") and Sports One has moved to voluntarily dismiss its chapter 11 case [*see* Docket No. 31] (the "Motion to Dismiss"), both of which Danbury has objected to [*see* Docket No. 32].

11. Upon Danbury's request for expedited hearing [Docket No. 34] on the Motion to Reject and Motion to Dismiss, the Court has set for hearing such motions to take place on March 14, 2022, at 1:30 PM [*see* Docket No. 35].

12.     After entry of the Agreed Order and re-entry of the premises, Sports One discovered that Danbury had covered the security cameras in the cash office area of the Leased Premises, which action was caught on camera.

13.     Sports One also discovered that certain of its property within the Leased Premises was damaged and $5,813 (an amount almost equal to one month's rent [*see* Lease Agreement, attached hereto as **Exhibit B**]) had disappeared from the cash register on site.

14.     A representative for Sports One immediately filed a police report for the stolen funds, a copy of which is attached hereto as **Exhibit C**.

15.     Debtors allege that the representatives of Danbury damaged Debtors' on-site property and stole funds from the cash register, which is not only criminal, but an overt attempt to enforce a debt in violation of the automatic stay imposed by section 365 of the Bankruptcy Code.

16.     Accordingly, Debtors hereby seek to revive their cause of action for contempt sanctions for its intentional and knowing violations of the automatic stay by (1) locking Debtors out of the Leased Premises post-petition; and (2) damaging and stealing of Debtors' on-site assets, both of which were overt attempts to collect on pre-petition debts.

17.     The Debtors sustained actual damages in the form of lost profits associated with shutting down Sports One's business during the post-petition lock out, and in the amount of the stolen funds and damaged property. The Debtors also seek to recover punitive damages from Danbury for its overtly intentional violations of the automatic stay in direct hindrance of the Debtors' operations and reorganization efforts.

**RELIEF REQUESTED**

18.     By this Motion, and pursuant to sections 105 and 362 of the Bankruptcy Code and this Court's inherent powers, the Debtors requests this Court award monetary civil contempt

sanctions against Danbury—including but not limited to lost profits, the value of the converted assets stolen by Danbury post-petition, attorneys' fees in preparing and litigating this Motion and the Motion to Enforce, and punitive damages—in connection with Danbury's willful and intentional violations of the automatic stay and grant such further relief to the Debtors as this Court deems appropriate.

## BASIS FOR RELIEF REQUESTED

**A.  Danbury's Intentional Post-Petition Lockout of Debtors Violated the Automatic Stay.**

19. Upon the filing of a chapter 11 petition, an estate is created consisting of all property of the debtor. *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 978 (2017); 11 U.S.C. § 541. The bankruptcy estate consists of all kinds of property, including anything of value that the debtor owns, regardless of where it is located or who holds it. *See* 11 U.S.C. § 541.

20. "A debtor's possessory interest in real property, including a leasehold interest, constitutes property of the debtor's bankruptcy estate subject to the protections of the automatic stay." *Wilson v. Arbors of Cent. Park ICG, LLC (In re Wilson)*, 610 B.R. 255, 275 (Bankr. N.D. Tex. 2019). The one exception to this rule is when the lease is terminated pre-petition and therefore, by virtue of section 541(b)(2) of the Bankruptcy Code, is no longer property of the estate. This is not the case here; the lease was not terminated pre-petition and has at all times since the Petition Date been property of, at minimum, Texas Holdings' estate.

21. Rather than grant access to the Leased Premises immediately upon being informed of the bankruptcy filings, Danbury restricted the Debtors' access to the Leased Premises for over 30 days.

22. Pursuant to section 362 of the Bankruptcy Code, the automatic stay prevents acts to obtain possession of, or exercise control over, property of the estate, which includes all of the

debtor's legal or equitable interests in property as of the petition date.  11 U.S.C. §§ 362(a)(3), 541(a)(1).

23. The filing of a petition instantly and automatically triggers the automatic stay—no specific order of a court is required to obtain the stay.  The automatic stay is specifically designed to prevent the estate from being torn apart piece by piece by creditors and other parties, and to allow breathing room and a chance to reorganize.  *See, e.g.*, *In re MD Promenade, Inc.*, No. 08-34113, 2009 Bankr. LEXIS 34, at *32 (N.D. Tex. Jan. 8, 2009) ("[T]he automatic stay exists to protect debtors and creditors alike from prejudicial or harmful actions taken against property of the estate.").

24. Yet, Danbury's actions did exactly what the automatic stay is designed to prevent: tearing apart the Debtors' estates by effectively shutting down the business operations of both debtors by refusing access to the Leased Premises, which is property of the estate.  Every day that such access was refused, the Debtors sustained losses of income, thereby hindering Debtors' ability to effectively reorganize.

25. Danbury's conduct clearly violated the automatic stay.  The leasehold is property of the estate under section 541 of the Bankruptcy Code and the automatic stay applied to prevent Danbury's restriction of Debtors' access to the Leased Premises.  The automatic stay has been in full force and effect since the Petition Date, yet Danbury refused the Debtors access to the Leased Premises for over 30 days despite repeated requests.

**B.** **Danbury's Intentional, Unlawful Conversion of Sports One's Assets Violated the Automatic Stay**

26. It goes without much explanation that the cash funds existing in Sports One's cash register and the other property located in the Leased Premises at the time of filing its chapter 11

y

petition were property of Sports One's bankruptcy estate. *See* 11 U.S.C. § 541 (defining property of the estate as, among other things, all legal or equitable interests of the debtor in property as of the commencement of the case, wherever located).

27. Danbury had sole possession of the Leased Premises—and the Debtors assets located therein—at all relevant times from the commencement of the bankruptcy cases until the time Danbury finally granted Debtors access. Danbury placed a lock on the door that nobody else—certainly not anyone associated with the Debtors—had a key to.

28. An individual associated with Danbury was caught on camera covering the security cameras in the cash office of the Leased Premises during the period in which Danbury had sole access to the Leased Premises. The Debtors intend to produce video evidence proving such at an evidentiary hearing on this Motion.

29. Thereafter, and of no coincidence, onsite property of the Debtors was damaged and $5,813 was stolen from Sports One's cash register.

30. Danbury's damaging of property in the Leased Premises and conversion of $5,813 cash was not only unlawful, but clearly constituted a willful and gross violation of the automatic stay for which this Court should hold Danbury in contempt and impose monetary sanctions.

**C.     The Court Should Hold Danbury in Contempt for its Violations of the Automatic Stay.**

31. Danbury should be held in contempt for violating the automatic stay and be ordered to pay sanctions. Courts "may . . . award damages to a corporate debtor in enforcement of the court's civil contempt power or pursuant to its equitable powers under section 105 of the Code." *In re San Angelo Pro Hockey Club*, 292 B.R. 118, 124 (Bankr. N.D. Tex. 2003).

32. "A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence: 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F. 3d 574, 581 (5th Cir. 2000).

33. "The provisions of § 362(a) of the Bankruptcy Code stand as a court order, the automatic stay constituting a Congressionally-imposed, self-executing injunction." *All Trac Transp., Inc. v. Transp. All. Bank (In re All Trac Transp., Inc.)*, 306 B.R. 859, 875 (Bankr. N.D. Tex. 2004). As discussed above, the automatic stay required Danbury to cease restriction of Debtors access to the leased premises. Danbury failed to do so, after being repeatedly informed by Debtors' counsel that such refusal constituted a violation of the automatic stay. Moreover, the automatic stay certainly compelled Danbury to not damage and steal the Debtors property.

34. Though willfulness in violating the automatic stay is not necessarily required, courts generally consider it an important factor in deciding whether damages for contempt are appropriate. *See id.* "Willfulness within the context of an alleged stay violation is almost universally defined to mean intentional acts committed with knowledge of the bankruptcy petition." *Id.* (quoting *San Angelo Pro Hockey Club*, 292 B.R. at 124).

35. As evidenced by **Exhibit A**, counsel for Danbury was not only made aware of the bankruptcy petition but was put on notice that the refusal to grant Debtors access to the leased premises was a violation of the stay. Danbury doubled down on its refusal to grant such access and has made clear that it has no intention of voluntarily granting such action. This refusal harmed both Debtors and their estates by effectively shutting down the businesses of Sports One and Texas Holdings, causing a substantial loss of profits.

36. Moreover, the overt damaging of on-site property and stealing of Sports One's cash located in the cash register was not only a knowing violation of the automatic stay, but a very intentional act committed with full knowledge of Sports One's status as a debtor in chapter 11 bankruptcy.

37. Accordingly, the Court should impose sanctions for actual damages sustained by the estates, including costs and attorneys' fees, and punitive damages for Danbury's knowing and willful violations of the automatic stay.

## CONCLUSION

WHEREFORE, the Debtors respectfully requests the entry of an order, substantially in the form attached hereto, awarding sanctions in connection with Danbury's willful and intentional violations of the automatic stay, and granting such other and further relief as the Court deems appropriate.

Dated: March 11, 2022.                Respectfully submitted,

*/s/ Brandon J. Tittle*
Brandon J. Tittle
Texas Bar No. 24090436
**TITTLE LAW GROUP, PLLC**
5550 Granite Pkwy, Suite 220
Plano, Texas 75024
Telephone: 972.987.5094
Email: btittle@tittlelawgroup.com

**PROPOSED COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2022 a true and correct copy of the foregoing Motion was served on counsel to Danbury Partners, Ltd. via email, along with the United States Trustee via email.  Due to the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is necessary.

*/s/ Brandon J. Tittle*
Brandon J. Tittle

**CERTIFICATE OF (LACK OF) CONFERENCE**

I hereby certify that a conference was not held on this Motion prior to filing because doing so was impractical in light of the upcoming hearing on March 14, 2022, to consider other relevant matters.  The Debtors presume the Respondent opposes this Motion.

*/s/ Brandon J. Tittle*
Brandon J. Tittle