IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **SPORTS ONE SUPERSTORES CORP.,** | § | **Case No. 22-30085** |
| **AND** | § | |
| **TEXAS HOLDINGS FIRM** | § | **Chapter 11** |
| **CORPORATION,** | § | |
| | § | **(Jointly Administered)** |
| Debtors. | § | |

## ORDER IMPOSING CIVIL CONTEMPT SANCTIONS
## PURSUANT TO SECTIONS 105(A) AND 362 OF THE BANKRUPTCY CODE

Upon the motion dated March 11, 2022 (the "Motion"), filed by Sports One Superstores Corp. ("Sports One") and Texas Holdings Firm Corporation ("Texas Holdings"), the debtors and debtors-in-possession in the above-captioned case (collectively, the "Debtors"), seeking entry of an order pursuant to sections 105(a) and 362(a) of title 11 of the United States Code (the "Bankruptcy Code"), imposing civil contempt sanctions against Danbury Partners, Ltd. ("Danbury") in connection with Danbury's willful and intentional violations of the automatic stay

and granting related relief, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing no other or further notice need by provided; and upon all of the proceedings had before the Court; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that**

1. The Motion is **GRANTED** as set forth herein.

2. Danbury's knowing refusal to grant the Debtor access to the leased premises after being informed of the bankruptcy petitions constitutes a willful violation of the automatic stay.

3. Danbury's damaging and conversion of Debtors' property constitutes a willful and intentional violation of the automatic stay.

4. Pursuant to section 105(a) of the Bankruptcy Code and this Court's inherent power, the Court hereby imposes civil contempt sanctions against Danbury payable to the Debtors in the following amounts:

   $_____ [to be determined by evidentiary hearing] to Sports One;

   $_____ [to be determined by evidentiary hearing] to Texas Holdings.

5. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

# # # End of Order # # #

We ask for this:

*/s/ Brandon J. Tittle*
Brandon J. Tittle
Texas Bar No. 24090436
**TITTLE LAW GROUP, PLLC**
5550 Granite Pkwy, Suite 220
Plano, Texas 75024
Telephone: 972.987.5094
Email: btittle@tittlelawgroup.com

**PROPOSED COUNSEL FOR DEBTOR
AND DEBTOR-IN-POSSESSION**