UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF TEXAS

BEFORE THE HONORABLE STACEY G. JERNIGAN, JUDGE

| | |
|---|---|
| In Re: | ) Case No. 22-30085-sgj |
| | ) |
| SPORTS ONE SUPERSTORES CORP., | )   Danbury Ex. A |
| | ) |
| Debtor. | ) March 14, 2022 |
| | ) Dallas, Texas |

  Nonevidentiary hearing in which the Court heard three
  announcements:  Agreement between debtor and Danbury
  that the case will be dismissed May 1, 2022, subject to
  a motion being also filed by Texas Holdings Firm and
  approval by the Court; Agreement between debtor and
  Danbury regarding rejection and move out, order to be
  submitted; and Agreement between debtor and Danbury
  regarding rejection and move out, order to be
  submitted.

<u>Appearances via Webex</u>:

| | |
|---|---|
| For the Debtor: | Brandon J. Tittle |
| | Tittle Law Group, PLLC |
| | 5550 Granite Parkway, Suite 220 |
| | Plano, Texas  75024 |
| | |
| For Creditor Danbury Partners, Ltd.: | Robert M. Nicoud, Jr. |
| | Nicoud Law |
| | Meadow Park Tower |
| | 10440 North Central Expressway |
| | Suite 800 |
| | Dallas, Texas  75231 |
| | |
| From the Office of United States Trustee: | Asher Bublick, Trial Attorney |
| | U.S. Department of Justice |
| | Office of the U.S. Trustee, Region 6 |
| | 1100 Commerce Street, Room 976 |
| | Dallas, Texas  75242-1496 |

2

```
Digital Court              United States Bankruptcy Court
Reporter:                  Northern District of Texas
                           Michael F. Edmond Sr., Judicial
                            Support Specialist
                           Earle Cabell Building, U.S. Courthouse
                           1100 Commerce Street, Room 1254
                           Dallas, Texas  75242
                           (214) 753-2062, direct
```

```
Certified Electronic
Transcriber:               Susan Palmer, CERT 00124
                           Palmer Reporting Services
```

         Proceedings recorded by digital recording;
 transcript produced by federally-approved transcription service.

| | |
|---|---|
| Monday, March 14, 2022 | 1:35 o'clock p.m. |

P R O C E E D I N G S

COURT SECURITY OFFICER: All rise. The United States Bankruptcy Court for the Northern District of Texas, Dallas Division, is now in session, the Honorable Stacey Jernigan presiding.

THE COURT: Good afternoon. Please be seated.

All right. This is Judge Jernigan. We're starting our setting in Sports One Superstores Corp., Case Number 22-30085. Let me get lawyer appearances first.

Mr. Tittle, you're here for the debtor?

MR. TITTLE: Your Honor, good afternoon — good afternoon. Brandon Tittle on behalf of the debtors.

THE COURT: Okay. Mr. Nicoud, you're here for Danbury; is that correct?

MR. NICOUD: That's correct, Your Honor.

THE COURT: Okay. And then, Mr. Bublick, I see you here for the U.S. Trustee, correct?

MR. BUBLICK: Correct, Your Honor.

THE COURT: All right. Do we have any other lawyer appearances?

All right. Well, we of course have debtor's motion to reject the lease, I guess it's actually Texas Holding's lease with Danbury. And then we had a debtor's motion to dismiss the case and, if my memory serves me correctly, it was Danbury who

1 wanted an expedited setting on the debtor's motions. Do I have
2 that correctly? And then we have the debtor now asking for a
3 continuance because the debtor says it has a contempt motion it
4 wants heard before dismissal.
5      So, Mr. Tittle, tell me if I've got my sequence
6 correct here and what you all were hoping to present today.
7      MR. TITTLE: Yes, Your Honor. Well, I have good news,
8 first of all. I was able to work out I think basically a global
9 resolution with opposing counsel. I have not run this through
10 with the United States Trustee yet, so to the extent we need to
11 move forward on the motion to dismiss, I did not see any
12 objections by them today or prior to us having the hearing
13 today. But what we can do is I can discuss, kind of, the global
14 resolution that we have with Danbury, the landlord, if the
15 United States Trustee would like us to proceed today on the
16 motion to dismiss but, like I said, there was no objection to
17 it.
18      THE COURT: Okay. Well, I'm always happy to hear
19 about a possible global settlement, so why don't you go ahead
20 and tell me about that at this time.
21      MR. TITTLE: So the agreement is that the debtor has
22 until April 30th, which is a Saturday, to remove on TVs,
23 merchandise, equipment, furniture, and signage from the leased
24 premises. In exchange, we are going to withdraw our motion for
25 contempt and we are agreeing that within seven days we are going

1 to file a motion to dismiss the bankruptcy case of Texas
2 Holdings. Danbury Partners has agreed to forgo any
3 administrative expenses under 503(b), but all parties are
4 reserving all state law claims that arose against each other
5 both under — or prior to and after the bankruptcy filing. So,
6 essentially, if there's any claims against each other, we will,
7 you know, take those up in state court.
8     And based on this agreement, Danbury is not going to
9 require any rent from now until my client's out of the space.
10     THE COURT: All right. Mr. Nicoud, do you confirm
11 that that is what your client has agreed to?
12     MR. NICOUD: I can confirm that that is what is agreed
13 to. Again, with regard to rent, any claims for rent will be
14 asserted, if at all, in state court.
15     THE COURT: All right.
16     MR. TITTLE: That's correct, Your Honor. And to add a
17 little bit extra, we will — we will deem the lease rejected as
18 of May 1st. The bankruptcy case as Sports One will be dismissed
19 as of May 1st, assuming that the United States Trustee and this
20 Court is okay with that.
21     THE COURT: All right. So there would, I guess I'm
22 just thinking through the mechanics, there would be some sort of
23 agreed order on the motion to reject that sets forth all of
24 these elements: You've said rejection will occur effective May
25 1st; debtor has everything removed by April 30th; landlord is

*Announcement of Agreements* 6

1  forgoing any administrative expense, rent in this bankruptcy
2  case while at the same time reserving the right in state court
3  postdismissal to seek whatever it thinks it's entitled to as far
4  as past due rent; and then the element that you're going to file
5  a motion to dismiss the Texas Holding case within seven days.
6  So that would be, I guess, an agreed order on the motion to
7  reject. And then you'd be filing the motion to dismiss Texas
8  Holdings.
9      And — and I don't know if you're going to shore both
10 of those motions to dismiss up by, you know, having 21 days and
11 a hearing or you're just going to use negative notice language
12 and presumably the debtor would submit an order of dismissal on
13 May 1st.
14     MR. TITTLE: If that's how Your Honor wants us to
15 structure it. Right now the global agreement I have, basically,
16 is an agreed order resolving the motion to dismiss and the
17 motion to reject. But you're right, we haven't had the 21 days
18 negative notice on the — on the motion to dismiss and so it may
19 be too premature to — to do that other than we could just wait
20 to upload this order until the 21 days passes.
21     THE COURT: Well, —
22     MR. TITTLE: This order resolves the —
23     THE COURT: I — I —
24     MR. TITTLE: — motion to dismiss and the motion to
25 reject.

*Announcement of Agreements* 7

1  THE COURT: Yeah. I would like two separate orders.
2 We've run into issues in the past where we've had an order
3 resolving two motions, including a motion to dismiss. The
4 Clerk's Office gets confused about what is the — you know, if
5 you have to track through the order to see when the dismissal's
6 going to happen, it's kind of confusing to the public. So — so
7 let's have two different orders for the resolution of the lease
8 rejection as well as dismissal of the two cases.
9  All right. Mr. Bublick, did you have anything you
10 want to express about this?
11  MR. BUBLICK: As long as, I suppose — I'm hoping to
12 see, you know, some plain vanilla proposed orders that don't,
13 you know, try to fix any — any rights, that are just straight
14 dismissal orders without anything that would be — it sounds like
15 it shouldn't be anything concerning, but without seeing the
16 proposed orders, I can't state, take a position at this time.
17  MR. TITTLE: Well, I think today, for today's
18 purposes, we're just resolving the landlord's objection. We'll
19 have to — I guess we'll have to have another — either a hearing
20 on the motions to dismiss or just we'll have them set on
21 negative notice and I'll do a certificate of no objection. I'll
22 circulate the proposed orders at that time.
23  MR. BUBLICK: Very good.
24  THE COURT: Okay.
25  MR. BUBLICK: Thanks for being clear about that.

*Announcement of Agreements* 8

1 THE COURT: Yeah. Since there aren't a lot of
2 creditors here other than the landlord, I would tend to think
3 negative notice language would be fine for the — the two motions
4 to dismiss, you know, one for each debtor, but obviously, Mr.
5 Tittle and Mr. Bublick, you can be the judge of that. If you
6 think there's a need to have a placeholder setting, I'm happy to
7 give a placeholder setting on — but, again, that would just be
8 on the dismissal. We'll have these landlord issues wrapped up
9 in a separate order.
10 All right. Well, anything further we need to talk
11 about?
12 MR. TITTLE: I don't think so, Your Honor.
13 THE COURT: Okay. Well, I'm glad you all worked this
14 out. And we'll just be on the lookout for the orders.
15 All right. We stand adjourned.
16 COURT SECURITY OFFICER: All rise.
17 (The hearing was adjourned at 1:47 o'clock p.m.)
18 —o0o—
19
20
21
22
23
24
25

```
State of California        )
                           )    SS.
County of San Joaquin      )
```

    I, Susan Palmer, certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages, of the digital recording provided to me by the United States Bankruptcy Court, Northern District of Texas, Office of the Clerk, of the proceedings taken on the date and time previously stated in the above matter.

    I further certify that I am not a party to nor in any way interested in the outcome of this matter.

    I am a Certified Electronic Reporter and Transcriber by the American Association of Electronic Reporters and Transcribers, Certificate Nos. CER-124 and CET-124. Palmer Reporting Services is approved by the Administrative Office of the United States Courts to officially prepare transcripts for the U.S. District and Bankruptcy Courts.

*[signature: Susan Palmer]*

Susan Palmer
Palmer Reporting Services
P.O. Box 4082
Modesto, California 95352-4082
(209) 915-3065

Dated March 28, 2022