IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

Danbury Ex. B

| | | |
|---|---|---|
| **In re:** | § | |
| | § | Case No. 22-30085-sgj |
| **SPORTS ONE SUPERSTORES CORP., et al,**[1] | § | |
| | § | Chapter 11 |
| **Debtors.** | § | |

**AGREED ORDER GRANTING IN PART, AND DENYING IN PART, TEXAS HOLDINGS FIRM CORP.'S MOTION FOR REJECTION OF LEASE**

On March 14, 2022, came on for an expedited hearing on the *Motion of Texas Holdings Firm Corp. For Rejection of Lease* (the "Motion") [Doc. 30]. The parties announced an agreement for entry of this Agreed Order. After having reviewed the Motion, and in consideration, the Court finds and determines the following:

A.  It has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b), and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtors' federal tax id entifications number, are as follows: Sports One Superstores Corp. (5324), Texas Firm Holdings Corporation (5915). The mailing address for the Debtors, solely for purposes of notices and communications, is: 8111 Lyndon B. Johnson Fwy. Suite 552, Dallas, TX 75251, with copies to Tittle Law Group, PLLC, c/o Brandon J. Tittle, 5550 Granite Pkwy, Suite 220, Plano, Texas 75024.

B.  Due and adequate notice, in light of the circumstances and nature of the relief requested in the Motion were served on the parties identified on the Master Service List attached to the Motion, and no other notice of the Motion is necessary. A reasonable and fair opportunity to object to the Motion and the relief requested therein has been afforded under the circumstances.

C.  The legal and factual bases set forth in the Motion establish just cause for the relief granted herein. Granting the relief is in the best interests of the Debtors, their estates and creditors.

D.  Texas Holdings Firm Corporation ("Texas Holdings") and Sports One Superstores Corp. ("Sports One," and collectively with Texas Holdings, the "Debtors") have articulated good and sufficient reasons for this Court to grant the relief requested in the Motion.

E.  The findings of fats and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of fact are conclusions of law, they are adopted as such. To the extent any conclusions of law are findings of fact, they are adopted as such.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The Motion is **GRANTED IN PART AND DENIED IN PART** subject to the terms of this Agreed Order, and as provided herein.

2.  Texas Holdings and Sports One shall have until **Saturday, April 30, 2022, at 11:59 p.m.** (the "Moveout Date") to vacate the leased premises at 934 E. Copeland Road, Suite 100, Arlington, Texas (the "Leased Premises").

3.  Danbury Partners, Ltd. (the "Landlord") shall not interfere with the Debtors' ability to remove all televisions, furniture, equipment, merchandise and signage from the Leased Premises prior to **Sunday, May 1, 2022**. To the extent any fixtures need to be removed in addition to the signage prior to the Moveout Date, the Debtors shall notify the Landlord in writing.

4. On May 1, 2022, the lease between the Landlord and Texas Holdings shall be rejected. Accordingly, the automatic stay pursuant to 11 U.S.C. § 362 shall be modified on May 1, 2022 to permit the Landlord to take all action pursuant to Texas law to obtain possession of the Leased Premises.

5. Within 7 days from the entry of this Agreed Order, Texas Holdings agrees to file a Motion to Dismiss its bankruptcy case, and the Debtors agree to withdraw its *Motion for Entry of an Order Imposing Civil Contempt Sanctions Pursuant to Sections 105 and 362 of the Bankruptcy Code* (the "Sanctions Motion") [Docket No. 37]. In exchange, the Landlord consents to the dismissal of the Debtors' bankruptcy cases and agrees to forego any administrative expense claims under Section 503(b).

6. Notwithstanding the foregoing, the Debtors and the Landlord reserve all claims against each other that arise under Texas law, whether they arose prior to, or subsequent to, January 20, 2022. Further, nothing in this Agreed Order may be construed as a release of claims by either party.

7. All remaining relief requested in the Motion that is not specifically addressed in this Agreed Order is hereby Denied.

8. Notwithstanding Bankruptcy Rules 6004, 6006 or otherwise, this Agreed Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. To the extent applicable, the stays described in Bankruptcy Rules 6004(h) and 600(d) are hereby waived.

9. The terms of this Agreed Order shall control to the extent of any conflict with the Motion.

10. This Agreed Order shall become effective immediately upon its entry.

11. The Court shall retain jurisdiction over any matter or dispute arising from or relating

to the implementation of this Agreed Order.

### # # # END OF ORDER # # #

**AGREED TO AS TO FORM AND SUBSTANCE:**

| | |
|---|---|
| **TITTLE LAW GROUP, PLLC** | **NICOUD LAW** |
| */s/ Brandon J. Tittle* | */s/ Robert M Nicoud* |
| Brandon J. Tittle | Robert M. Nicoud, Jr. |
| Texas Bar No. 24090436 | Texas Bar No. 15017900 |
| 5550 Granite Pkwy, Suite 220 | 10440 N. Central Expwy., Suite 800 |
| Plano, Texas 75024 | Dallas, Texas 7521 |
| Telephone: 972.987-5094 | Telephone: 214.540.7542 |
| Email: btittle@tittlelawgroup.com | Email: rmnicoud@dallas-law.com |
| | |
| *Counsel for the Debtors* | *Counsel for Danbury Partners, Ltd.* |
| *and Debtors-in-Possession* | |