Robert M. Nicoud, Jr.
State Bar No. 15017900
NICOUD LAW
10440 N. Central Expwy., Suite 800
Dallas, Texas 75231
(214) 540-7542 - Telephone
(214) 265-6501 - Facsimile
Email: rmnicoud@dallas-law.com

ATTORNEYS FOR DANBURY PARTNERS, LTD.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SPORTS ONE SUPERSTORES CORP. | § | CASE NO. 22-30085-sgj |
| And | § | |
| TEXAS HOLDINGS FIRM CORP. | § | CHAPTER 11 |
| | § | |
| | § | |
| Debtors | § | Jointly Administered |

**MOTION OF DANBURY PARTNERS, LTD. TO CONVERT TO CHAPTER 7**

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 Commerce, Room 1254, Dallas, Texas 75242-1496 BEFORE CLOSE OF BUSINESS ON June 15, 2022, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Danbury Partners, Ltd. ("Danbury") and files this Motion to Convert and would show as follows:

**Procedural History**

1. On January 20, 2022 (the "Petition Date"), Sports One Superstores Corp. ("Sports One") and Texas Holdings Firm Corp. ("Texas Holdings") (collectively, the "Debtors") each commenced cases in this Court by filing petitions for relief under Chapter 11 of the Bankruptcy Code.

2. On February 1, 2022, this Court entered an *Order Granting Debtors' Motion for Entry of an Order (I) Directing Joint Administration of the Chapter 11 Cases and (II) Granting Related Relief* [1] (the "Joint Administration Order"), which ordered that the chapter 11 cases of Sports One and Texas Holdings be jointly administered.

3. On May 2, 2022 this Court conducted a hearing on the *Motion Of Danbury Partners, Ltd. To Modify Automatic Stay And Further Relief Pursuant To Order Entered May 3, 2022.* Following the hearing the court issued an order which permitted Danbury Partners to take possession of premises leased by Texas Holdings (and occupied in part by Sports One) located at 934 E. Copeland Road, Suite 100, Arlington, Texas (the "Leased Premises"). [2]

4. Also on May 2, 2022 this Court issued an order permitting the withdrawal of Debtors' counsel from representation in both cases. [3] As of the date this motion is filed neither Debtor is formally represented by counsel.

**There is no reasonable likelihood of plan confirmation in either case**

5. It is clear that there is not going to be a formal Chapter 11 reorganization in either of these cases. On March 30, 2022 Sports One stated that it had decided to cease operations. [4]

---

[1] ECF Doc. 13
[2] See ECF Doc. 79. A formal order will be entered.
[3] See ECF Doc. 78. A formal order will be entered.
[4] ECF Doc. 31

Texas Holdings filed a motion to reject the lease of the Leased Premises.[5] At a hearing on May 2, 2022 both Debtors represented to the court they were not seeking to reorganize and only wanted time to get inventory out of the Leased Premises.

### Both Debtors have incurred continuing losses

6. Both Debtors have incurred substantial post-petition administrative expenses which have not been paid. No post-petition rent has been paid to Danbury on the Leased Premises. Counsel for Debtors has a pending fee application. [6]

### Cause for conversion

7. The lack of any likelihood of reorganization and the continuing failure of either Debtor to pay post-petition expenses constitutes "cause" pursuant to 11 U.S.C. §1112(b)(4)(A) supporting dismissal or conversion.

8. In addition, neither Debtor has filed monthly operating reports as required by the United States Trustee and 11 U.S.C. §1112(b)(4)(F).

9. Under 11 U.S.C. §1112(b)(1) conversion of these case is in the best interests of creditors. There is substantial inventory currently in the Leased Premises which may have a value of several hundred thousand dollars. Sports One also scheduled a bank account with a balance of approximately $129,000.00. A trustee can preserve these assets (and any others) for the benefit of creditors.

10. The US Small Business Administration has filed a claim asserting a lien on assets of Texas Holdings for $65,000. Danbury Partners asserts a lien on assets of Texas Holdings perfected by a UCC Financing Statement filed on January 7, 2022. Danbury Partners would also assert a lien on property owned by Debtor Sports One under Texas Property Code §54.021. This

---

[5] ECF Doc. 30. Texas Holdings later filed a withdrawal of the motion. See ECF Doc. 45.
[6] ECF Doc. 66

**MOTION OF DANBURY PARTNERS, LTD. TO CONVERT CASES**  **Page 3 of 4**

Court is uniquely situated to resolve possible competing lien and ownership claims. In addition, a trustee could seek to sell property pursuant to 11 U.S.C. §363.

WHEREFORE, PREMISES CONSIDERED, Danbury Partners, Ltd. prays that this Court convert Sports One Superstores, Inc. (#22-30085) and Texas Holdings Firm Corp. (#22-30086) to Chapter 7 as requested above and for such other and further relief to which Danbury may show itself justly entitled.

Respectfully submitted,

/s/ *Robert M. Nicoud, Jr.*
Robert M. Nicoud, Jr.
SBN 15017900
Nicoud Law
10440 N. Central Expressway
Suite 800
Dallas, Texas 75231
(214) 540-7542
(214) 265-6501 fax
rmnicoud@dallas-law.com

ATTORNEYS FOR DANBURY PARTNERS, LTD.

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of May 2022, a true and correct copy of the foregoing document was sent via electronic means or by first class mail, postage prepaid to the persons shown below:

See attached service list

Sports One Superstores Corp.
Texas Holdings Firm Corporation
c/o Enoch Kirkwood, President and CEO
Emails: enoch@SportsOneSuperstores.com; management@cmaholdingsllc.com; texasholdingsfirm@gmail.com.

All parties receiving notice via ECF

/s/ *Robert M. Nicoud, Jr.*
Robert M. Nicoud, Jr.