Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-8967

Asher Bublick
for the United States Trustee
asher.bublick@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § | |
| SPORTS ONE SUPERSTORES CORP. and TEXAS HOLDINGS FIRM CORP. | § § § § | Case No. 22-30085-SGJ-11 Jointly Administered |
| *Debtors.* | § | |

**UNITED STATES TRUSTEE'S EMERGENCY MOTION**
**TO DISMISS WITH PREJUDICE OR, IN THE ALTERNATIVE,**
**CONVERT TO CHAPTER 7 UNDER 11 U.S.C. § 1112(b)**

TO THE HONORABLE STACY G. C. JERNIGAN, U.S. BANKRUPTCY JUDGE:

William T. Neary, the United States Trustee for Region 6 ("United States Trustee"), files this emergency motion to dismiss with prejudice or, in the alternative, convert to chapter 7 under 11 U.S.C. § 1112(b) (the "Motion"). In support thereof, the United States Trustee would show:

**Summary**

Debtors are chapter 11 debtors that have failed to comply with their administrative requirements by failing to:

(i) provide proofs of insurance;

(ii) provide information for a debtor-in-possession bank account;

(iii) file monthly operating reports; and

(iv) pay United States Trustee quarterly fees.

Debtors are also corporations that are not represented by counsel in these bankruptcy cases. Accordingly, the United States Trustee moves to dismiss with prejudice for 180 days or, in the alternative, to convert to chapter 7.

## Jurisdiction

1. The bankruptcy court has jurisdiction to determine this matter under 28 U.S.C. §§ 157(a) and 1334 and the order of reference of the United States District Court for the Northern District of Texas.

2. A motion to dismiss or convert is a core matter. 28 U.S.C. § 157(b)(2)(A), (O).

## Facts

*Background*

3. Sports One Superstores Corp. ("Sports One") and Texas Holdings Firm Corporation ("Texas Holdings") filed their voluntary chapter 11 petitions in the United States Bankruptcy Court for the Northern District of Texas on January 20, 2022, commencing case nos. 22-30085-sgj11 and 22-30086-sgj11, respectively.

4. Debtors are Texas corporations engaged in the sale of licensed clothing of various sports teams at their lease premises 934 E. Copeland Road, Suite 100, Arlington, Texas 76011 (the "Lease Premises").

5. An order granting joint administration of the Sports One and Texas Holdings bankruptcy cases was entered on February 1, 2022. [ECF No. 13].

6. Sports One's principal assets include0F[1]:

    i. cash on hand: $5,900

    ii. checking account: $129,041

---

[1] Texas Holdings Firm Corporation listed no assets on its schedules. *See* Texas Holdings Firm Corporation case, Schedule A/B, ECF No. 24].

**UNITED STATES TRUSTEE'S EMERGENCY MOTION TO DISMISS WITH PREJUDICE OR, IN THE ALTERNATIVE, CONVERT TO CHAPTER 7 UNDER 11 U.S.C. § 1112(b)**    Page 2

      iii.    sports merchandise: $200,000

      iv.    store fixtures: $80,000

      v.    office equipment: $20,000

[Schedule A/B, ECF No. 28].

7. Following the hearings on Debtors' motion for sanctions [ECF No. 37] and motion to enforce settlement agreement [ECF No. 53], the Court ordered that Debtors shall have until June 30, 2022 to vacate the Debtors' Leased Premises and that Danbury Partners, Ltd. (the "Landlord") shall not interfere with the Debtors' ability to remove all televisions, furniture, equipment, merchandise, and signage from the Lease Premises prior to July 1, 2022. [ECF No. 65 (the "Vacate Order") at ¶¶ 1-2].

8. The Vacate Order states that if—by 5:00 p.m. on May 4, 2022—Debtors do not pay rent to the Landlord for the months of May and June 2022 and provide the Landlord with proof of continued insurance on the Leased Premises, then the Landlord may file an emergency motion seeking appropriate relief. *Id.* at ¶¶ 4-6.

9. On May 3, 2022, the Tittle Law Group filed a motion to withdraw as counsel for the Debtors after receiving a demand from Enoch Kirkwood—the President and CEO of the Debtors—to no longer contact Mr. Kirkwood and cease representation of the Debtors. [ECF no. 60].

10. In its motion to withdraw, the Tittle Law Group noted that it "made every effort to inform the Debtors' representatives of the Debtors' responsibilities in these bankruptcy cases and the requirement that the Debtors—as entities—be represented by counsel." *Id.* at ¶ 8.

11. On May 5, 2022, after the Debtors failed to make any rental payments and failed to provide the Landlord with any proof of continued insurance, the Landlord filed an emergency

motion to lift the stay to permit it to reject the lease, take possession of the Leased Premises, and commence eviction proceedings. [ECF No. 68].

12. After a hearing on May 19, 2022, the Court granted the Landlord's motion to lift stay and the Tittle Law Group's motion to withdraw as counsel for the Debtors. *See* [ECF No. 78].

13. As of this filing, the docket shows that replacement counsel for the Debtors have not made an appearance nor filed an employment application.

14. Upon information and belief, Debtors have not retained replacement counsel.

15. On May 25, 2022, the Landlord filed a motion to convert these cases to chapter 7, arguing that Debtors are failing to file monthly operating reports, continuing to incur losses to the estate, and that there is no reasonable likelihood of plan confirmation in either case. *See* [ECF No. 81].

*Administrative Obligations*

16. On February 23, 2022, the United States Trustee sent Debtors' counsel an email requesting as soon as possible all the documentation and completed forms that are requested in section II of the United States Trustee's *Guidelines for Chapter 11 Cases*. *See* U.S. Dep't of Just., *Guidelines for Chapter 11 Cases: Northern & Eastern Districts of Texas, Region VI,* https://www.justice.gov/ust-regions-r06/file/chapter11guidelines.pdf/download (effective Jan. 1, 2020).

17. On February 24, 2022, the United States Trustee conducted the Initial Debtor Interview.

18. On February 25, 2022, the United States Trustee sent Debtors' counsel a follow-up email regarding outstanding items from the Initial Debtor Interview (the "IDI"): (i) a completed *Obligations of Chapter 11 Cases Acknowledgment of Receipt* form; (ii) a completed *Direction of*

*Debtor Attorney Concerning U.S. Trustee Contract with Client* form; (iii) a completed *Group/Pension Information* form; (iv) proofs of insurance (general liability, property, and worker's compensation); (v) convert existing bank account to a DIP account; and (vi) provide bank document that shows the full DIP account number.

19. The meeting of creditors was held on February 28, 2022.

20. The United States Trustee sent Debtors' counsel further follow-up emails in March and April 2022 regarding the outstanding documents from the IDI as well as the absence of monthly operating reports.

21. United States Trustee quarterly fees for Q1 2022 were due on April 30, 2022, and are now delinquent.1F[2]

22. To date, the Debtors have failed to:

   i. provide proofs of insurance;

   ii. provide information for a debtor-in-possession bank account;

   iii. file monthly operating reports; and

   iv. pay United States Trustee quarterly fees.

## Argument

### *General discussion of burdens when dismissal or conversion is sought:*

23. Section 1112(b)(1) of the Bankruptcy Code provides that, "[e]xcept as provided in paragraph (2) and subsection (c) . . . after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate," if the movant establishes cause.  11 U.S.C. §1112(b)(1).

---

[2] Sports One and Texas Holdings each owe an estimated $250 in quarterly fees for Q1 2022. The Debtors will also owe quarterly fees for Q2 2022. The United States Trustee cannot calculate the exact amount owed until the Debtors file monthly operating reports.

24. If cause is established, the burden shifts to the Debtor to prove that it falls within the § 1112(b)(2) "unusual circumstances" exception to § 1112(b)(1)'s mandatory conversion. *Id.* at § 1112(b)(2).

### *The Court should grant this Motion to Dismiss as Debtors have failed to cooperate with the United States Trustee.*

25. Cause exists for dismissal when a debtor fails to satisfy timely any reporting requirements, fails to maintain appropriate insurance that poses a risk to the estate, or fails to provide information reasonably requested by the United States Trustee. 11 U.S.C. § 1112(b)(4)(C), (F), (H).

26. Local Bankruptcy Rule 2020-1 provides:

> The United States Trustee may from time to time publish and file with the Bankruptcy Clerk guidelines on matters such as insurance, operating reports, bank accounts and money of estates and other subjects pertaining to the administration of chapter 11 cases. Failure to comply with the requirements of these guidelines may constitute cause justifying the appointment of a trustee, or dismissal or conversion of the case pursuant to 11 U.S.C. § 1112(b).

27. The United States Trustee's *Guidelines for Chapter 11 Cases* require debtors to, among other things, (i) provide to the United States Trustee proof of insurance coverage, (ii) submit a completed *Obligations of Chapter 11 Cases Acknowledgment of Receipt* form, and (iii) pay quarterly fees to the United States Trustee. *See* U.S. Dep't of Just., Guidelines for Chapter 11 Cases: Northern & Eastern Districts of Texas, Region VI, https://www.justice.gov/ust-regions-r06/file/chapter11guidelines.pdf/download (effective Jan. 1, 2020) at §§ II, VII.

28. Cause exists to dismiss these cases as Debtors have failed to (i) provide proofs of insurance; (ii) provide information for a debtor-in-possession bank account; (iii) file monthly operating reports; and (iv) pay quarterly fees to the United States Trustee.

***The Court should grant this Motion as there is a continuing loss to the estate and no likelihood of reorganization.***

29. Cause for dismissal exists when there is substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. 11 U.S.C. § 1112(b)(4)(A).

30. In these cases, there is no likelihood of reorganization and Debtors continue to incur administrative expenses (such as United States Trustee quarterly fees) while maintaining approximately $129,041 in a non-DIP account and failing to file monthly operating reports—creating the potential for a significant loss to the estate and creditors.

31. The Debtors have no operations, no employees, and failed to comply with the Vacate Order, which resulted in the stay being lifted on the Leased Premises and the Landlord taking control of the Debtors' sports merchandise at the Leased Premises.

32. Moreover, as discussed *supra*, the Debtors have failed to cooperate with the United States Trustee's office and failed to retain replacement counsel after firing the Tittle Law Group a month ago.

33. Throughout the pendency of these cases, the Debtors have demonstrated a clear failure to prosecute these cases in a manner that would lead to confirmation

***The Court should also grant this Motion to Dismiss as Debtors are pro se.***

34. A corporation may not appear in a federal court without an attorney. *See Southwest Express Co., Inc. v Interstate Commerce Comm'n*, 670 F.2d 53, 55 (5th Cir. 1982) ("a corporation,

cannot appear in person as a corporation or through its corporate officer. . . [i]t can enter an appearance in this court only through an attorney admitted to practice before this court.").

35. Cause also exists to dismiss this case under 11 U.S.C. § 1112(b)(1) because the Debtors are corporations that are appearing in bankruptcy *pro se,* and such entities may not appear in federal court without being represented by counsel.

## In the alternative, these cases should be converted to chapter 7

36. If the Court determines that dismissal is not in the best interests of creditors or the estate, then these cases should be converted to chapter 7. *See* 11 U.S.C. § 1112(b)(2).

## Prayer

Wherefore, the United States Trustee respectfully requests that the Court enter an order dismissing these cases with prejudice for 180 days. In the alternative, the United States Trustee requests conversion of these cases to chapter 7. The United States Trustee also requests any other relief to which the United States Trustee may be entitled.

Dated: June 2, 2022                                          Respectfully submitted,

WILLIAM T. NEARY
UNITED STATES TRUSTEE

*/s/ Asher M. Bublick*
Asher M. Bublick
Texas State Bar No. 24113629
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-8967
asher.bublick@usdoj.gov

**CERTIFICATE OF CONFERENCE**

I certify that on June 2, 2022, I conferred with Debtors' representative, Enoch Kirkwood, regarding the relief requested in this Motion. Mr. Kirkwood expressed that Debtors are unopposed to dismissal without prejudice but are opposed to a dismissal with prejudice.

/s/ *Asher M. Bublick*
Asher M. Bublick

**CERTIFICATE OF SERVICE**

I certify that on June 2, 2022, that I sent a copy of the forgoing document via ECF, via email to Mr. Kirkwood, and via first class United States mail to the following:

/s/ *Asher M. Bublick*
Asher M. Bublick

Texas Holdings Firm Corporation
8111 Lyndon B. Johnson Fwy.
Suite 552,.
Dallas, TX 75251
texasholdingsfirm@gmail.com

Brandon J. Tittle
Tittle Law Group, PLLC
5550 Granite Pkwy,Suite 290
Plano, TX 75024

Laurie A. Spindler
Linebarger Goggan Blair & Sampson, LLP
2777 N. Stemmons Frwy Ste 1000
Dallas, TX 75207

Canon Financial Services, Inc.
Attn: Legal
158 Gaither Drive, Suite 200
Mount Laurel, NJ 08054

Sports One Superstores Corp.
8111 Lyndon B. Johnson Fwy.
Suite 552
Dallas, TX 75251
enoch@sportsonesuperstores.com

Robert M. Nicoud, Jr.
Nicoud Law
Meadow Park Tower,10440 N. Central Expwy, Suite 800
Dallas, TX 75231

AT&T Inc.
Attn: Legal
208 S. Akard St,
Dallas, TX, 75202

Edward Dowd
3455 Peachtree Rd. NE Ste 500
Atlanta, GA 30326

**UNITED STATES TRUSTEE'S EMERGENCY MOTION TO DISMISS WITH PREJUDICE OR, IN THE ALTERNATIVE, CONVERT TO CHAPTER 7 UNDER 11 U.S.C. § 1112(b)**    Page 9

| | |
|---|---|
| Dallas County Tax Office<br>500 Elm Street, Suite 3300<br>Dallas, Texas 75202 | Internal Revenue Office<br>Centralized Insolvency Operation<br>Post Office Box 7346<br>Philadelphia, PA 19101-7346 |