Robert M. Nicoud, Jr.
State Bar No. 15017900
NICOUD LAW
10440 N. Central Expwy., Suite 800
Dallas, Texas 75231
(214) 540-7542 - Telephone
(214) 265-6501 - Facsimile
Email: rmnicoud@dallas-law.com

ATTORNEYS FOR DANBURY PARTNERS, LTD.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SPORTS ONE SUPERSTORES CORP. | § | CASE NO. 22-30085-sgj |
| | § | |
| | § | |
| Debtor | § | CHAPTER 7 |

**APPLICATION OF DANBURY PARTNERS, LTD. FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES**
**(Chapter 7 expenses from June 30 to September 7, 2022)**

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 Commerce, Room 1254, Dallas, Texas 75242-1496 BEFORE CLOSE OF BUSINESS ON **October 26, 2022**, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Danbury Partners, Ltd. ("Danbury") and files this Application for

Allowance of Administrative Expense and would show as follows:

### Procedural History

1. On January 20, 2022 (the "Petition Date"), Sports One Superstores Corp. ("Sports One") and Texas Holdings Firm Corp. ("Texas Holdings") (collectively, the "Debtors") each commenced cases in this Court by filing petitions for relief under Chapter 11 of the Bankruptcy Code.

2. On February 1, 2022, this Court entered an *Order Granting Debtors' Motion for Entry of an Order (I) Directing Joint Administration of the Chapter 11 Cases and (II) Granting Related Relief* [1] (the "Joint Administration Order"), which ordered that the chapter 11 cases of Sports One and Texas Holdings be jointly administered.

3. On the Petition Date the Debtors were occupying the Leased Premises (defined below) pursuant to a Shopping Center Lease dated August 24, 2020 between Danbury as Landlord and Texas Holdings as Tenant (the "Lease"). True and correct copies of the Lease as amended are attached as Exhibits "A" and "B". After execution of the Lease Texas Holdings apparently entered into a sublease agreement with Sports One.[2]

4. On May 2, 2022 this Court conducted a hearing on the *Motion Of Danbury Partners, Ltd. To Modify Automatic Stay And Further Relief Pursuant To Order Entered May 3, 2022.* On May 31, 2022, this Court entered an order which permitted Danbury Partners to take possession of premises leased by Texas Holdings (and occupied in part by Sports One) located at 934 E. Copeland Road, Suite 100, Arlington, Texas (the "Leased Premises").[3]

5. Also on May 2, 2022 this Court issued an order permitting the withdrawal of

---

[1] ECF Doc. 13
[2] ECF Doc. 19, ¶4.
[3] ECF Doc. 85.

**APPLICATION OF DANBURY PARTNERS, LTD. FOR**
**CHAPTER 7 ADMINISTRATIVE EXPENSES**                                            Page 2 of 4

Debtors' counsel from representation in both cases. [4] As of the date this application is filed neither Debtor is formally represented by counsel.

6.　　On June 30, 2022 both cases were converted to Chapter 7. [5]

### Danbury's Administrative Expenses

7.　　This application seeks recovery of administrative expenses for the period from the date of conversion to Chapter 7 (June 30, 2022) to the date the Trustee abandoned all remaining personal property in the Leased Premises (September 7, 2022). During this time the Trustee made actual use of Danbury's real property and personnel to preserve the assets of this estate.

8.　　Prior to filing for bankruptcy, Sports One operated a retail sports apparel and memorabilia store. The tangible assets of Sports One were all located at the Leased Premises. Sports One scheduled the inventory and store fixtures with a value of $300,000.00.

9.　　After signing the Lease the Debtors made unauthorized alterations to the Leased Premises. The alterations were also made without obtaining appropriate permits from the City of Arlington. As this created public safety threat the City of Arlington "red tagged" the Leased Premises. A red tag prevents any entry to the Leased Premises without specific authorization of the City of Arlington. The red tag remained in place when this case was converted to Chapter 7.

10.　　During the application period Danbury provided a secure storage location for estate assets incurring both rent and utility expenses as detailed on Ex. "C".

11.　　In order to attempt to sell the assets located at the Leased Premises arrangements had to be made with the City of Arlington to permit access for the Trustee, an auctioneer and possible purchasers. Danbury's property manager, Mark Lanier, coordinated with the City of Arlington to permit access. The costs for Mr. Lanier's services are listed in Ex. "C".

---

[4] See ECF Doc. 96.
[5] See ECF Doc. 114.

**APPLICATION OF DANBURY PARTNERS, LTD. FOR
CHAPTER 7 ADMINISTRATIVE EXPENSES**　　　　　　　　　　　　　　　　**Page 3 of 4**

12. Finally, Danbury had to make additional structural changes to the Leases Premises to obtain permission from the City of Arlington for access. Danbury incurred expenses of $4,410.00 in making these changes.

13. Danbury should be allowed an administrative expense claim in the Sports One chapter 7 case in the amount of $24,292.14. pursuant to 11 U.S.C. §503(b)(1)(A).

WHEREFORE, PREMISES CONSIDERED, Danbury Partners, Ltd. prays that this Court allow it an administrative expense claim as requested above and for such other and further relief to which Danbury may show itself justly entitled.

Respectfully submitted,

/s/ *Robert M. Nicoud, Jr.*
Robert M. Nicoud, Jr.
SBN 15017900
Nicoud Law
10440 N. Central Expressway
Suite 800
Dallas, Texas 75231
(214) 540-7542
(214) 265-6501 fax
rmnicoud@dallas-law.com

ATTORNEYS FOR DANBURY PARTNERS, LTD.

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of October 2022, a true and correct copy of the foregoing document was sent via electronic means or by first class mail, postage prepaid to the persons shown below:

See attached service list

All parties receiving notice via ECF

/s/ *Robert M. Nicoud, Jr.*
Robert M. Nicoud, Jr.