Leah Duncan
State Bar No. 24114061
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Phone: (214) 573-7310
Fax: (214) 573-7399
Email: lbundage@chfirm.com

Attorneys for Anne Elizabeth Burns, Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In Re: § <br> § <br> SPORTS ONE SUPERSTORES CORP., § <br> § <br> Debtor. § <br> § | § <br> § <br> § Case No. 22-30085-sgj7 <br> § <br> § <br> § |

# NOTICE OF SUBPOENA TO
# NAVY FEDERAL CREDIT UNION TO PRODUCE DOCUMENTS

TO:    ALL INTERESTED PARTIES

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45, made applicable by Federal Rule of Bankruptcy Procedure 9016, Anne Elizabeth Burns, Chapter 7 Trustee of the above-referenced bankruptcy case, by and through her counsel, will serve Navy Federal Credit Union ("Navy FCU") with a subpoena (the "Subpoena"), a copy of which is attached, requiring Navy FCU to produce, by Wednesday, November 2, 2022, at or before 5:00 p.m. CST, copies (electronic copies are acceptable and preferred), or originals for inspection and copying, of the documents, records and electronically stored information listed on the Subpoena at the offices of Cavazos Hendricks Poirot, P.C., Suite 570, Founders Square, 900 Jackson Street, Dallas, Texas 75202.

Dated: October 17, 2022.

Respectfully submitted,

/s/ Leah Duncan
Leah Duncan
State Bar No. 24114061
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Phone: (214) 573-7310
Fax: (214) 573-7399
Email: lbundage@chfirm.com

Attorneys for Anne Elizabeth Burns, Chapter 7 Trustee

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Notice was served October 17, 2022 by electronic transmission through the Court's automated Case Management and Electronic Docketing System for the U. S. Bankruptcy Court for the Northern District of Texas, on all parties-in-interest submitting to service of papers in this case by said means and via first class mail, postage prepaid on the following parties:

| | |
|---|---|
| U.S. Trustee<br>1100 Commerce Street, Room 976<br>Dallas, TX 75242-1496 | Anne Elizabeth Burns<br>900 Jackson Street, Suite 570<br>Dallas, TX 75202 |
| Brandon J. Tittle<br>Tittle Law Group, PLLC<br>5550 Granite Pkwy<br>Suite 290<br>Plano, TX 75024 | Tarrant County<br>c/o Laurie A. Spindler<br>LINEBARGER GOGGAN BLAIR & SAMPSON, LLP<br>2777 N. Stemmons Freeway, Suite 1000<br>Dallas, TX 75207 |
| Danbury Partners, Ltd.<br>Robert M. Nicoud, Jr.<br>NICOUD LAW<br>10440 N. Central Expwy., Suite 800<br>Dallas, Texas 75231 | Sports One Superstores Corp.<br>c/o Enoch Kirkwood, Owner<br>8111 Lyndon B. Johnson Fwy., Suite 552<br>Dallas, TX 75027 |

/s/ Leah Duncan
Leah Duncan

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Northern__ District of __Texas__

In re __Sports One Superstores Corp.__
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __22-30085__

Chapter __7__

_____
Plaintiff
v.
_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Navy Federal Credit Union; Attn: Custodian of Records; 820 Follin Lane, Vienna, VA 22180__
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **The documents and electronically stored information listed on "Exhibit A" attached to this Subpoena.**

| PLACE | DATE AND TIME |
|---|---|
| Cavazos Hendricks Poirot, P.C.; 900 Jackson Street, Suite 570, Dallas, TX 75202 | November 2, 2022, at or before 5:00 p.m. CST |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __October 17, 2022__

CLERK OF COURT

OR

_____      /s/ Leah Duncan Bundage
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__Anne Elizabeth Burns, Chapter 7 Trustee__, who issues or requests this subpoena, are:
Leah Duncan Bundage; Cavazos Hendricks Poirot, P.C.; 900 Jackson Street, Suite 570, Dallas TX 75202; (214) 573-7310; lbundage@chfirm.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

 I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A TO SUBPOENA TO NAVY FEDERAL CREDIT UNION

**Definitions**

    1.    "Navy Federal Credit Union," "you" and "yours," unless otherwise noted, refers to Navy Federal Credit Union, together with its agents, representatives, employees, consultants, and all other persons acting or purporting to act on its behalf.

    2.    "Document", whether capitalized or not, is used in the broadest possible sense and includes, but is not limited to, the following items, and each draft and non-identical copy thereof: writings; recordings; photographs; financial statements; agreements; communications, including intra-company communications; correspondence; telegrams; emails; cables; memoranda; records; books; summaries of records of personal conversations of interviews; diaries; forecasts; statistical statements; accounts; work papers; graphs; charts; maps; diagrams; blueprints; tables; indexes; pictures; tapes; microfilms; charges; analytical records; minutes of records of meetings or conferences; reports and/or summaries of interviews; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; records, reports, or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten, or any other notes; projections; working papers; checks, front and back; check stubs or receipts; invoice vouchers; data tapes and sheets, or data processing cards or discs, or any other computer-related data compilation or electronically stored information ; any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any other written documents or writings of whatever description, including, but not limited to, any information contained in any computer, although not yet printed out, within your possession, custody, or control or in the possession, custody, or control of any agent, employee (including, without limitation, attorneys, accountants, and investment bankers or advisors), or other person acting on your behalf.

    3.    "And" and "or" shall be construed conjunctively or dis-conjunctively as necessary to make the request inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation."

    4.    "Evidencing" shall mean proving, indicating or probative of the existence or nature of.

    5.    "Relating to" or "relate to" shall mean constituting, mentioning, containing, discussing, embodying, reflecting, identifying, stating, referring to or in any way relevant to.

    6.    "ESI" shall mean electronically stored information.

7. "Relevant Period" shall mean the time period of from January 20, 2021 through October 17, 2022 unless otherwise specified.

8. "Account" shall mean the bank account or accounts maintained by the following:

    a. **Sports One Superstores Corp. or Sports One Superstores Inc.**
       EIN: 85-3895324
       Addresses: 1975 Ballpark Way Unit 200546
                 Arlington, Texas 76006

                 934 E. Copeland Road, Suite 100
                 Arlington, TX 76011

    b. **Texas Holdings Firm Corporation**
       EIN: 84-4125915
       Addresses: 8111 Lyndon B. Johnson Freeway, Suite 552
                 Dallas, TX 75251

                 2201 North Hwy 360, Suite 1704
                 Grand Prairie, TX 75051

    c. **Enoch (Enock) Kirkwood aka Curly W. Lee**
       TX DL 45873166
       SSN: XXX-XX-6280 or XXX-XX-0871
       Addresses: 815 Technology Drive #242690
                 Little Rock, AR 72223

                 101 E Glade Rd Apt 32
                 Grapevine, Tx 76051-7303

                 38 Via Jolitas
                 Rancho Santa Margarita, CA 92688-2974

                 7 Ocaso St
                 Ladera Ranch, CA 92694

                 651 N Plano Rd Ste 429
                 Richardson, TX 75081

                 1975 Ballpark Way Unit 200546
                 Arlington, TX 76006

                 1975 Ballpark Way Unit 200785
                 Arlington, TX 76006

                 201 E Glade Rd 3212

Grapevine, TX 76051

101 E Glade Rd Apt 9101
Grapevine, TX 76051-7303

    d. **Edward Dowd**
       Utilizing any of the previously mentioned addresses, SSNs, etc.

    e. **Raymond Anthony**
       Utilizing any of the previously mentioned addresses, SSNs, etc.

    f. **Douglas Anthony**
       Utilizing any of the previously mentioned addresses, SSNs, etc.

at Navy Federal Credit Union including, but not limited to, the account numbers ending in the following: 1) 1974; 2) 9282; 3) 3676; 4) 3684; 5) 1145; and 6) 8512.

**Instructions**

    1.    You shall produce all documents and ESI for the Relevant Period (unless a different time period is specified) that are within your custody or control that are described below.

    2.    All requested documents shall be produced to:

       Leah Duncan Bundage
       CAVAZOS HENDRICKS POIROT, P.C.
       900 Jackson Street, Suite 570
       Dallas, Texas 75202

    3.    Documents maintained as ESI should be produced electronically in the form in which they are ordinarily maintained, or in a reasonably usable format.

    4.    You shall execute enclosed business records affidavit and return it along with the produced documents.

**Documents and Electronically Stored Information to Produce**

    1.    All signature card(s) evidencing who was authorized to conduct business or sign documents on the Account during the Relevant Period or any portion thereof.

    2.    All documents evidencing who was an owner of the Account.

    3.    All documents evidencing who was an owner or control person of the entity that owned of the Account during the Relevant Period or any portion thereof.

    4.    All bank statements from the Account during the Relevant Period.

5. All deposit tickets, cancelled checks, and copies of checks from the Account during the Relevant Period.

6. All documents evidencing the date the Account was closed and the amount on deposit upon closing of the Account.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In Re: | § § § | |
| SPORTS ONE SUPERSTORES CORP., | § § | Case No. 22-30085-sgj7 |
| Debtor. | § § § | |

# BUSINESS RECORDS AFFIDAVIT

THE STATE OF _____   §
COUNTY OF _____   §

    BEFORE ME, the undersigned authority, a Notary Public in and for the State of _____ personally appeared _____, who, being by me duly sworn on oath deposed and said as follows:

    "My name is _____. I am over the age of twenty-one (21) years, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated."

    "I am a custodian of the records of Navy Federal Credit Union ("Navy FCU"). Attached to this affidavit are \_\_\_\_ pages of records of Navy FCU. These records are memorandums, reports, records, and/or data compilations of acts, events, conditions, and/or opinions related to Navy FCU's business activities that were made at or near the time by, or from information transmitted by, a person with knowledge of the information contained in such memoranda, reports, records, and/or data compilations of acts, events, conditions, and/or opinions related to Navy FCU's business activities, and these records were kept in the course of a regularly conducted activity of Navy FCU, and making these records was a regular practice of the business activity of Navy FCU."

_____
Signature

_____, Affiant
Printed Name

    SWORN TO AND SUBSCRIBED BEFORE ME, this \_\_\_ day of _____,
2022, to certify, which, witness my hand and seal of office.

 

_____
Notary Public, State of _____